**L. S. DOUGLAS, Plaintiff-Respondent,**

v.

**Harold W. HOEH and Reliance Insurance Companies, Defendants-Appellants.**

**No. 43418.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 15, 1981.

Thomas W. Wehrle, County Counselor, Don R. Williams, Associate County Counselor, Clayton, for appellant.

Raymond Howard, St. Louis, for respondent.

REINHARD, Judge.

Plaintiff brought an action against the Sheriff of St. Louis County and the surety

on his bond for the making of a false return. The jury returned a verdict in favor of plaintiff in the amount of $2,000.00 and defendants appeal.

This is the second trial of this case. The jury in the previous trial returned a verdict in favor of plaintiff in the amount of $10,000.00. We reversed and remanded, *Douglas v. Hoeh*, 595 S.W.2d 434 (Mo.App.1980). For a recitation of the facts see that case.

In defendants' first point they contend that the trial court erred in "not clearly sustaining defendants' objection to plaintiff's comment in jury argument about creditors not coming in to contradict plaintiff's testimony that he had applied to them for credit and had been denied ..." because such witnesses were equally available to all parties.

■ It is clearly improper to raise a negative inference in argument from a party's failure to produce a witness if the witness is equally available to both parties. *Hill v. Boles*, 583 S.W.2d 141 (Mo.banc 1979); *Graeff v. Baptist Temple of Springfield*, 576 S.W.2d 291 (Mo.banc 1978).

■ The argument which is at issue follows:

Now, what about the damages to Mr. Douglas? Well, naturally, he's damaged because now there is a judgment against him that is permanent on the files of this County Court, which has deprived him of the ordinary elementary benefits of credit in our society. He testified that he could not get credit at the Linnell Bank (sic), Schweig Engel Store on Delmar, and some furniture store on Martin Luther King in Wellston.

This was uncontradicted. No one from the bank came in and said, "That is not true."

Defense counsel objected on the grounds that a witness from the Lindell Bank would be equally available to both parties. The court asked defense counsel not to pursue it further but declined to strike the comment or make any further statement to the jury. No further comment along this line was made.

Here the evidence from the bank was equally available to both parties. Plaintiff's argument did raise an inference that because defendants had not produced evidence from the bank that plaintiff's testimony was correct that he had been denied credit because of the sheriff's action. The trial court should have sustained the objection and advised the jury to disregard the comment. Language appears in *Hill v. Boles*, 583 S.W.2d at 145, that when a proper objection such as the one made here is overruled, prejudicial error occurs. *Graeff v. Baptist Temple of Springfield*, 576 S.W.2d at 306–307, has language which indicates that reversal is not required in every case. Our reading of the entire transcript here leads us to the conclusion that even though the court erred no prejudice resulted which would require reversal.

A part of plaintiff's claim of damages was that his credit had been impaired because of the default judgment resulting from the false return made by the sheriff. But in neither the pleadings, opening statement of plaintiff, nor direct examination of plaintiff did plaintiff mention the Lindell Trust Company. On cross-examination, defense counsel went into plaintiff's credit standing prior to the judgment and elicited from the plaintiff an admission that he had numerous garnishments issued against him and that he had taken bankruptcy. After that line of questioning, defense counsel asked if he had applied for credit at Lindell Trust Company. Plaintiff said he had, and the purpose was to buy a motor for his boat. He testified the motor was going to cost $1,600.00 and that he had been denied the loan.

Defendants' line of attack on plaintiff's claim for damages for loss of credit was that he didn't have any credit to lose anyway. In closing argument defense counsel stated the following:

And in this case, Mr. Douglas said on the stand, this man who's been sitting back there in the courtroom, and he tells you, "They took money out of my pay; it affected my credit to have this judgment on me, and I couldn't get credit at

Schweig Engel's and Lindell Trust—" and where else was it?

So we asked him, what were you trying to buy when you went to Lindell Trust? A $1600 motor for his boat. He's really suffering. . . .

And this man has the audacity to get on the stand and tell you that they took so much money out of his pay because of that business and professional accounts case that he couldn't live well and his credit was hurt.

What kind of credit you think a man has? Nine garnishments and a bankruptcy. Try it sometime. With a record like that to go in and get credit anywhere. He didn't have anything before this thing started, and he wants this man to pay $25,000. . .

The error involved here goes only to the issue of damages and if defendants were prejudiced, reversal would be required only on that issue. In light of the amount of damages granted by the jury in this case and the other evidence before it, we find no prejudice requiring a reversal.

■ Defendants' second point also goes to the issue of damages and involves the closing argument. The issue of punitive damages had been withdrawn by the plaintiff; in closing argument the plaintiff stated:

That's justice, and, ladies and gentlemen, we ask you in this case—we didn't ask you to take the bond—the whole bond for $50,000. But we think that he should have more than a slap on the wrist. We think that at least justice should ring out from this courthouse in a substantial amount so that other deputies and other sheriffs will know that they have to be accurate because we rely on them.

The people rely on the accuracy of their returns, and that's why we ask you to return a verdict for half of the amount of the bond.

Defendants admit that they made no objection to this but contend that we should consider this argument under the plain error rule. Again, in light of the amount of damages, we find no manifest injustice re-

quiring us to reverse this case on the issue of damages.

Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.