### In re the MARRIAGE OF Nancy L. BENZ, Respondent,

#### and

### Thomas E. Benz, Appellant.

#### No. 45479.

Missouri Court of Appeals,
Eastern District,
Division Five.

April 17, 1984.

Jess W. Ullom, Clayton, for appellant.

Howard Schainker, Clayton, for respondent.

JOHN E. PARRISH, Special Judge.

Appellant appeals from the trial court's denial of his two count petition which included a petition for review and a motion for writ of error coram nobis. Appellant also seeks to quash an execution issued by the trial court and the setting aside of a contempt order which resulted from his failure to pay child support and to otherwise comply with the trial court's decree in the dissolution of marriage case originally filed by this respondent.

Respondent obtained a decree dissolving her marriage to appellant in October, 1979. That decree also distributed property and entered money judgments against appellant for child support, attorney's fees and for "payments on the lien" on the marital residence which was awarded respondent. Appellant did not appear in the dissolution proceeding. The decree was entered upon his default.

The dissolution of marriage action was filed by respondent in June, 1979. The parties had separated in April, 1979. At the time she filed the dissolution action, respondent was living in the marital home. Appellant was residing at his parents' residence.

Notwithstanding appellant having changed his place of residence, respondent directed service of summons to the marital home where she resided. On June 20, 1979, a deputy sheriff went to that residence in an attempt to serve appellant. Respondent took the summons and petition from the deputy sheriff. She told the deputy sheriff her name was Barb and that she was appellant's sister. The return of service filed by the deputy sheriff showed substituted personal service at the address of the marital home acquired June 20, 1979. The return stated that service was acquired by "L/C with sister Barb."

Appellant's sister, Barbara Scannell, did not reside at the address where service was purportedly obtained on appellant. Neither did she reside at the same location as appellant on June 20, 1979.

Appellant and respondent resumed living together at their marital home in August or the "beginning of September" of 1979. On October 3, 1979, respondent told appellant she had obtained a divorce. Nevertheless, they continued living together and did not tell family members of their situation until approximately Thanksgiving of 1979. Appellant did not see a copy of the court decree, however, until the first week of December, 1979, when he found a copy of it on top of a refrigerator with some other items. After reading its terms, appellant went to the judge's chambers where he was advised to get a lawyer.

Appellant filed his petition for review and motion for writ of error coram nobis December 11, 1981. He also filed a motion to amend the return of service to show that no service was obtained upon him June 20, 1979.

Appellant asserts: (1) error in denying his petition for review and application for writ of error coram nobis on the basis that the trial court lacked jurisdiction over appellant due to a lack of service of summons; (2) error in denying his motion to amend the return of service to show a failure of service on the basis that the return made was false and the person actually receiving the substituted service was the adverse party to the action; (3) error in giving conclusiveness to the return of service for the reason that the adverse party aided in or knowingly took advantage of a false return; and, (4) error in giving conclusiveness to the return of service for the reason that such action created an irrebutable presumption which forced a factual inference which was false and thereby violated the due process requirements of the Fifth and Fourteenth Amendments of the United States Constitution.

We reverse.

For the reasons hereafter given, we find that the ruling of the trial court is against the weight of evidence and results in an erroneous application of law. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

The grounds for this appeal rest upon the delivery of the summons and copy of

the petition in the dissolution action. The summons and copy of the petition were delivered to respondent, who was the adverse party to the dissolution action, at a location where appellant did not then reside. The person identified as receiving the substituted service (sister Barb) did not in fact receive it, did not reside where service was made and did not reside with appellant. The evidence presented supports appellant's assertion that respondent falsely identified herself when she received service.

■ The trial court found that respondent had admitted that she accepted service for appellant in the dissolution action but concluded that respondent "denied that she offered the information or identified to the Sheriff as Respondent's [appellant in this action] sister." However, a review of the transcript reveals the following testimony by respondent.

"Q. [By Mr. Ullum] On June 20, 1979 when the deputy sheriff came to Talisman [the location of the marital home], you were home?

"A. I had just got home.

"Q. You were the only one home?

"A. Me and my 2 kids.

"Q. You told the sister—you gave the Sheriff the name 'Barb', correct?

"A. The Sheriff asked for it.

"Q. I'm asking you a question. You gave the Sheriff the name 'Barb', correct?

"A. Yes.

"Q. You gave the Sheriff the relationship of Barb being Tom's sister, correct?

"A. Um hum.

"Q. And then you called Tom you say?

"A. That day.

"Q. Where, at Farmview?

"A. 1008 Farmview.

"Q. Because he was not living at Talisman that day correct?

"A. Correct.

"Q. And he had not been living at Talisman for sometime, correct?

"A. I would say 2 weeks."

The determination that respondent did not identify herself as appellant's sister is against the weight of the evidence in this case. Appellant's assertion that respondent falsely identified herself as his "sister Barb" is supported by the weight of the evidence and we so find.

■ Respondent was the adverse party in the action in which she accepted service of process directed to appellant. By representing herself to be "sister Barb," respondent was a party to a false return. She thereafter secured a default judgment against appellant. That judgment was procured upon the false return in which respondent participated. By so taking advantage of the false return, respondent's actions were fraudulent. Under these circumstances, the judgment secured by respondent is subject to being set aside. *State ex rel. Seals v. McGuire*, 608 S.W.2d 407 (Mo. banc 1980); *Ellis v. Nuckols*, et al., 237 Mo. 290, 140 S.W. 867 (1911); *Smoot v. Judd*, et al.; 184 Mo. 508, 83 S.W. 481 (1904).

Appellant undertook to set the judgment aside by means of petition for review and by motion for writ of error coram nobis. He further sought to amend the return of service to show no service having been obtained upon appellant.

■ Appellant's petition for review stated all elements required by Rule 74.15.[1] It was filed within three years after final judgment was entered thereby complying with Rule 74.14. His motion for writ of

1. We note that § 452.110, RSMo (1978), was not repealed by the dissolution of marriage act. Therefore, as therein provided, no "judgment for divorce" may be attacked by petition for review. However, the statute expressly provides that "there may be a review of any order or judgment touching the alimony and maintenance of the wife, and the care, custody and maintenance of the children, or any of them." Here appellant seeks review of money allowances touching support of his children and property distribution. He does not seek to set aside that portion of the judgment dissolving his marriage with respondent. Therefore, petition for review is a proper remedy.

error coram nobis likewise states a basis for relief in that it alleges errors of fact which, had they been correctly known to the trial court when the judgment was entered, would have prevented its rendition. *Godsy v. Godsy,* 565 S.W.2d 726, 733 (Mo. App.1978); *Zahorsky v. Zahorsky,* 543 S.W.2d 258 (Mo.App.1976).

The return of service is incorrect in that it erroneously shows the summons and copy of petition having been delivered to appellant's "sister Barb" at appellant's place of residence. The summons and copy of petition were not delivered to appellant's sister nor were they delivered to the place which constituted appellant's "dwelling house or usual place of abode" on June 20, 1979, the date when service was attempted. Substituted personal service, as permitted by Rule 54.13, was not obtained.

Rule 54.22 permits any return of service to be amended, at any time, unless to do so would materially prejudice the substantial rights of the party against whom the process issued. The time when a return can be amended is not limited to before judgment is entered. It may be amended after judgment. *Feurt v. Caster,* 174 Mo. 289, 73 S.W. 576 (1903). It can be amended to show service was not obtained by leaving a copy at a defendant's residence. *Texas Western v. Giesecke,* 342 S.W.2d 266 (Mo.App.1961). When a return of service is amended, it relates back to the date of the return and is binding in its amended form. *Smoot v. Judd,* et al., supra.

There was no jurisdiction over appellant's person when the money judgments were entered in the dissolution action. The return of service shown on the summons was false and respondent aided in the false return and knowingly took advantage of it. Under these facts, the return is not entitled to the verity rule that a sheriff's return is conclusive upon the parties to the suit.

By relying upon the finding of fact, which we determine to be against the weight of the evidence, that respondent did not provide the deputy sheriff with false information or false identity, the trial court erroneously applied the verity rule that the sheriff's return of service was conclusive.

Appellant's first three assignments of error are sustained. It is unnecessary to reach his fourth assignment for purposes of this appeal and we decline to do so.

The decision of the trial court is reversed. The judgment of October 3, 1979, is set aside in all respects. Any pending writs of execution issued upon the judgment of October 3, 1979, are ordered quashed and any pending contempt proceedings based upon the judgment of October 3, 1979, ordered dismissed.

PUDLOWSKI, P.J., and FINCH, Senior Judge, concur.