**Warren G. SEE and Charles Meeker, Plaintiffs-Respondents,**

v.

**Daunt Robert NESLER, Defendant-Appellant.**

**No. 48609.**

Missouri Court of Appeals, Eastern District, Division One.

May 28, 1985.

Donald S. Hilleary, Susan B. Blaney, Clayton, for defendant-appellant.

Charles E. Rendlen, Hannibal, for plaintiffs-respondents.

CARL R. GAERTNER, Judge.

Appeal from the denial of defendant Daunt Robert Nesler's motions to quash service of process and set aside a default judgment entered against him on March 16, 1984. Judgment reversed and remanded.

The lawsuit instituted by plaintiffs Warren G. See and Charles Meeker involved an action on a note. The petition alleged defendant resided at 3307 Lawn, Apt. 3 in the City of St. Louis. A special process server was appointed at the request of plaintiffs, and when defendant failed to respond within the prescribed time after the return of service, plaintiffs moved for a default judg-

ment. A hearing was held on January 5 and was continued until March 6, 1984, where the special process server, Joseph Jarvis, testified both as to the time and manner of service and the identity of the person served. Defendant was not present at either hearing. The court subsequently entered a default judgment against defendant for $31,076.28 and later amended it to $33,431.92.

Defendant's motions to quash service and set aside the default judgment were denied. He now challenges the court's rulings on two grounds, the first of which is dispositive of this appeal. Specifically, defendant claims the court was without personal jurisdiction to enter a judgment since the return lacked a sworn affidavit as required by Rule 54.20(a)(2). We agree.

█ The service in this case was made by a special process server appointed by the court at plaintiffs' request. His return stated defendant was served on October 12, 1983, at 5:47 p.m. by leaving a copy with "Ida M. Nesler whom [sic] stated she was related to Daunt R. Nesler and that he sometimes stayed at 3307 # 3 Lawn Ave., St. Louis, Mo., 63139 (w/f/ 55–603)." The record, however, reveals no sworn affidavit accompanying the return.

Rule 54.20(a)(2) requires that if service of process is made by a person other than an officer, such person shall make an affidavit as to the time, place and manner of the service. Absent such proof in accordance with the rule, the trial court acquired no personal jurisdiction and was without power to determine the rights and liabilities of the defendant. *Industrial Personnel Corp. v. Corcoran*, 643 S.W.2d 816, 818 (Mo.App.1981); *Ponder v. Aamco Automatic Transmission, Inc.*, 536 S.W.2d 888, 890 (Mo.App.1976). Accordingly, the default judgment entered against defendant is null and void.

We have reviewed the cases cited by the plaintiffs and find nothing to the contrary. Moreover, plaintiffs' reliance on the process server's testimony to establish proof of service is misplaced. It is noteworthy that Rule 54.20(a)(2), relating to proof of service by a non-officer within the state, provides for but one method of proof—by affidavit of the person making the service. In contrast, Rule 54.20(b)(2), relating to service by a non-officer outside of the state, in addition to authorizing proof by affidavit expressly provides for court consideration of "the affidavit or any other evidence in determining whether service has been properly made."

█ When a party elects to use a private process server he does so at his own risk and bears a heavy burden of establishing service. We believe plaintiffs have failed to sustain their burden in this case. A return must show on its face that every requisite of the rule has been complied with and may not be aided by intendments or presumptions. *State ex rel. Boll v. Weinstein*, 365 Mo. 1179, 295 S.W.2d 62, 65 (1965).

Having found the return of service deficient, we need not reach defendant's remaining point, which challenges the adequacy of the return. The judgment is reversed and remanded with directions to quash the purported service of summons and set aside the default judgment entered against defendant on March 16, 1984.

PUDLOWSKI, P.J., and KAROHL, J., concur.