**STATE of Missouri, ex rel., Thomas E. BENZ, Relator-Respondent,**

v.

**David BLACKWELL, Sheriff of St. Louis County, and Safeco Insurance Company of America, Defendants-Appellants.**

Nos. 50200–50209.

Missouri Court of Appeals, Eastern District, Division Four.

July 22, 1986.

Motion for Rehearing or Transfer to Supreme Court Denied Aug. 20, 1086.

Application to Transfer Denied Oct. 14, 1986.

Thomas W. Wehrle, Don R. Williams, Clayton, David M. Duree, St. Louis, for defendants-appellants.

Jesse W. Ullom, Deborah H. Weinstein, Clayton, for relator-respondent.

KELLY, Judge.

The Sheriff of St. Louis County and Safeco Insurance of America, the sheriff's surety on his public official's bond, appeal from a judgment against them in a civil suit for damages claiming false return of a summons in a prior divorce action. Following a jury trial and verdict, the court entered a judgment for Thomas E. Benz (husband), against defendants in the amount of $42,000.00.

Timely motions for a new trial were separately filed on March 22, 1985 by appellants Sheriff Blackwell and Safeco Insurance Company of America. The trial court denied both motions for a new trial on May 29, 1985, and appellants filed their notice of appeal. The appeals have been consolidated in this court.

The parties to the dissolution action have previously been before this court. *In re: The Marriage of Benz*, 669 S.W.2d 274 (Mo.App.1984). The facts are as follows:

Husband married wife in December, 1974. They purchased a home from wife's parents in 1974 for $11,000.00.

Husband and wife separated in April, 1979, and wife ultimately remained in their home located on Talisman and husband moved in with his parents. Husband testified at trial, that in May, 1979, wife told him she was contemplating divorce.

On June 3, 1979, wife filed a petition for dissolution of marriage, and though husband had moved out, directed service of summons to the marital home where she resided. On June 20, 1979, wife accepted service from the deputy sheriff, after she falsely identified herself as Barbara, and told him that she was husband's sister. The Sheriff of St. Louis County filed a return of service indicating husband had been served by delivering a copy of the petition and summons to his sister, Barbara, at the Talisman address.

Husband and wife resumed living together at their marital home around the beginning of September, 1979. On October 3, 1979, a default divorce was entered pursuant to the divorce petition filed by wife against husband. After wife left the courthouse, she told husband that she had obtained a divorce. She asked husband not to tell anyone that they were divorced, and husband agreed and continued living with wife at the Talisman address. However, around Thanksgiving, husband did tell his parents that he and his wife were divorced. Husband first became aware of the contents of the divorce decree in early December, 1979, when he found a copy of it on the top of the refrigerator at the Talisman address. He also became aware of the fact that his wife had identified herself to the sheriff's deputy as his sister on December 8, 1979.

On December 8, 1979, husband contacted the judge who signed the divorce decree, and was advised to consult an attorney. Husband continued to live with wife after December 8, 1979, because she assured him that she would not enforce the divorce decree.

Husband and wife separated again late in December, 1979. In the Fall of 1981, husband was served with a garnishment and with a petition for contempt of court.

Husband met his second wife, Rosalie, in the early spring of 1980, and they married on December 22, 1982.

Husband testified to his fear of imprisonment or a fine because of the contempt proceeding. Furthermore, husband testified that he had trouble concentrating, had

sleepless nights, and was shocked to find out that he was denied an $800.00 loan because his credit rating had been damaged.

Economic damages include $1,590.00 in mortgage payments on the Talisman property, a garnishment against his wages, a tax refund, half the equity on the Talisman property, child support payments and the expense of litigation. The amount of out-of-pocket expenses testified to by husband total $18,435.78.

Husband filed a petition for review and a motion for writ of error coram nobis on December 11, 1981. He also filed a motion to amend the return of service to show that no service was obtained upon him on June 20, 1979. The trial court denied husband's petition and motion, and he appealed. This court reversed the trial court's denial of his two count petition and set the judgment of October 3, 1979, aside in all respects.

The case at bar was filed on June 21, 1982, and was tried on March 5 through March 7, 1985, resulting in a jury verdict in the amount of $42,000.00 in favor of husband. Appellants argue: (1) that the verdict for $42,000.00 was excessive and against the weight of the evidence requiring a new trial, because the damages established by the evidence did not exceed $18,-435.78; and (2) that husband did not make a submissible case for non-economic losses, because absent medical testimony, recovery for emotional distress is not permitted. We agree.

The judgment on the liability issue is affirmed but on the question of damages is reversed and the cause is remanded for retrial solely on that issue.

■ Appellants argue that the verdict for $42,000.00 is excessive and against the weight of the evidence because the husband's damages are limited to his alleged economic loss which totalled, at most, $18,-435.78. The husband's additional damages include loss of borrowing ability, mental distress, humiliation and embarrassment. In order to recover for emotional distress where no physical injury is involved, plaintiff must prove by expert medical testimony that the emotional distress or mental injury was medically diagnosed and of sufficient severity as to be medically significant. *Bass v. Nooney Co.*, 646 S.W.2d 765, 772–773 [4] (Mo. banc 1983). In the instant case, there was no expert medical testimony at trial to support the husband's claim of mental distress. The record in this case demonstrates that husband has not met the requirement of *Bass v. Nooney, supra,* and thus, appellants are entitled to a new trial solely on the issue of damages.

■ Husband asserts that appellants have not properly preserved the issue of damages because it was not raised in appellants' motion for new trial. However, the record clearly indicates that appellants' motion for a new trial includes the following language:

"2. The verdict of $42,000.00 against defendant Safeco Insurance Company of America was so excessive for the evidence adduced at trial that it evidenced bias and prejudice on the part of the jury, requiring a new trial.

3. In the alternative to paragraph 2, the verdict of $42,000.00 against defendant Safeco Insurance Company of America was so excessive for the evidence adduced at trial as to require a new trial, or in the alternative, a remittitur of not less than $30,000.00 of said verdict."

We find this argument to be without merit.

■ Husband also asserts that the issue of excessive damages has not been preserved on appeal because appellants did not file a motion for a directed verdict at the close of all the evidence. In *Robinson v. Wampler*, 389 S.W.2d 757, 759[1] (Mo. 1965), the court held that a motion for a new trial is the proper method or remedy for raising the objection that the verdict was against the weight of the evidence, and appellants' failure to move for a directed verdict does not preclude them from making a motion for a new trial. Thus, a motion for a directed verdict is not a necessary prerequisite for a motion for a new trial. We hold there is no merit to this argument.

Upon the consideration of the evidence, we find the verdict for $42,000.00 was excessive, requiring a new trial on the issue

of damages. This makes it unnecessary to consider the other points relied on dealing with the issue of damages.

There remain, however, four additional points of error raised by appellants. Appellant Safeco Insurance Company of America (hereinafter Safeco) argues that husband failed to make a submissible case upon which relief could be granted because the sheriff's return of service was ultimately amended by this court in *In re: Marriage of Benz,* supra, when the judgment of the trial court was set aside in all respects. Furthermore, appellant Blackwell argues that husband's cause of action should be dismissed for lack of jurisdiction, because husband's jurisdiction was based upon the judgment of the trial court which was set aside by this court. We disagree.

■ We are not persuaded by appellant Safeco's contention that since the defective service of process was ultimately amended, it is not liable for the damages incurred by the husband prior to the amendment. Safeco offers no legal support for this contention. We find that there was evidence that due to the false return of service by the sheriff, husband suffered three garnishments, an attachment to his tax refund check, the foreclosure of his home, and other damages. A subsequent amendment of service of process does not nullify husband's existing damages, and therefore we hold this point has no merit.

Safeco next argues that verdict directing Instruction No. 5 was erroneous in that it did not require the jury to find that the sheriff failed to *faithfully* serve a summons and petition, but rather, it required the sheriff to strictly comply with the statute. Instruction No. 5 is set forth below:

"Your verdict must be for the plaintiff and against defendant surety company if you believe:

First, defendant sheriff's deputy sheriff did not service a summons and petition at plaintiff's dwelling house or usual place of abode with some person of his family over the age of fifteen years, other than his then wife, Nancy, and

Second, the deputy sheriff made a return that he did serve a summons and petition at plaintiff's dwelling house or usual place of abode with some person of his family over the age of fifteen years, and

Third, plaintiff was thereby damaged, and

Fourth, defendant surety executed a bond on behalf of defendant sheriff on defendant sheriff's conduct."

Appellants cite *Miller v. Owsley,* 422 S.W.2d 39 (Mo. banc 1967) and *Glastris v. Union Electric Co.,* 542 S.W.2d 65, 69–71[6–8] (Mo.App.1976). Both cases are distinguishable and are not, in our opinion, controlling here because they fail to address the ultimate issue of whether a sheriff can be found liable for failing to perform his ministerial duties in a manner required by law.

In *Miller, supra,* the officers were clearly negligent, as the court held that prisoner's petitions alleging placing plaintiffs in a jail cell with inmates of vicious and murderous disposition and where the plaintiffs were assaulted and seriously injured by those inmates stated a claim against the sheriff, his deputies and their surety for breach of official bonds because of the officers' failure to faithfully discharge the duties of their office.

In *Glastris, supra,* the court ruled that it was error to instruct on the evidentiary detail of failing to insulate electrical wires, instead of the ultimate issue of defendant's alleged failure to use ordinary care in isolating electrical wires to avoid reasonably foreseeable injuries.

■ In the instant case, the deputy sheriff, in an attempt to serve husband, made a false return of service. A cause of action based upon a false return has three basic elements:

(1) that the deputy sheriff did not serve summons in a defined manner, (the "true" facts according to plaintiff's evidence); and

(2) the deputy sheriff made a return that he did serve summons in the manner defined in the first paragraph; and

(3) injury resulted from the misstatement of true facts.

*Douglas v. Hoeh,* 595 S.W.2d 434, 437[3] (Mo.App.1980), rev'd on other grounds, appeal after remand 622 S.W.2d 765 (Mo.App. 1981).[1]

■ The record clearly indicates that husband has a cause of action based upon a false return. A proper verdict directing instruction must, at least, submit the ultimate facts which define these elements. *Id.* at 437. We find that Instruction No. 5 contains the ultimate facts which define the elements of the cause of action based upon a false return. Specifically, that the sheriff did not serve husband, that the sheriff made a return that he did in fact serve husband by delivering a copy of the petition and summons to his sister and that husband was thereby damaged.

Accordingly, we hold that the verdict directing Instruction No. 5 was not erroneous and rule this point against appellants.

Appellant Safeco's final contention is that the trial court erred in overruling appellants' objection during respondent's closing argument. The disputed argument occurred as follows:

> "Can you imagine being garnished by the prosecutor, what that would put in your mind if it never [sic] happened to you?"

Appellants contend this language was clearly prejudicial, entitling them to a new trial. We disagree.

■ A plea to jurors to place themselves in the place of a party is not grounds for reversal if it does not appear probable that the jury was prejudicially affected. *Edwards v. Lacy,* 412 S.W.2d 419, 421[2] (Mo. 1967).

■ Furthermore, determining prejudicial effect of final argument is a matter within the discretion of the trial court. The trial court's judgment on that matter will not be disturbed unless there was an abuse of discretion. *Hoover's Dairy, Inc. v. Mid-America Dairymen,* 700 S.W.2d 426, 434[15] (Mo. banc 1985). We find no such abuse of discretion.

■ We have also considered Blackwell's final point that "plaintiff's action should be dismissed for lack of jurisdiction of the subject matter for the reason that the Domestic Relations Court lacked jurisdiction of plaintiff's person, and its judgment upon whether this action is based, was void except for the status of plaintiff's marriage," and we find it to be without merit.

The judgment is affirmed on the issue of liability only; it is reversed on the issue of damages and the cause is remanded for retrial solely on that issue.

CRANDALL, P.J., and PUDLOWSKI, J., concur.

---

1. After the reversal and retrial *Douglas v. Hoeh* was reheard at 622 S.W.2d 765 (Mo.App.1981); In the second *Douglas* appeal the revised verdict directing instruction was not an issue as it complied with the guidelines set out in the first *Douglas* appeal, 595 S.W.2d 434 (Mo.App.1980). The court in the first *Douglas* appeal reversed and remanded on other grounds, not on the basic elements of the cause of action of a false return.