**T.W.I. INVESTMENTS, INC.,**
**Plaintiff-Appellant,**

v.

**PACIFIC AGGREGATES, INC. and James P. Blind, as Liquidating Trustee, Defendants-Respondents.**

**No. 51958.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 17, 1987.

Motion for Rehearing and/or Transfer Denied March 19, 1987.

Application to Transfer Denied April 14, 1987.

James Blind, as liquidating trustee, asserting in Count I that Pacific had excavated closer to plaintiff's property boundary "than a distance equal to 25 feet plus one and one-half times the depth of the excavation" and had failed to "reclaim" the property after mining operations ceased. Plaintiff asserted that as a result of Pacific's actions, plaintiff's land has been deprived of lateral support and is collapsing into the excavation. Plaintiff prayed for damages of $2,500,000. In Count II plaintiff purported to allege a cause of action for trespass, seeking damages of $2,500,000; and in Count III plaintiff attempted to state a claim for interference with an easement, for which it sought damages of $250,000.

Plaintiff caused a summons to be issued to "James P. Blind" who was the registered agent of Pacific as well as liquidating trustee, although the summons did not state that he was being served with process in either capacity. After the summons was returned *non est*, plaintiff requested that an alias summons be issued and that Frank Rouse be appointed as special process server. The court ordered the alias summons issued and Rouse appointed "at risk of plaintiff." The alias summons, again issued simply to "James P. Blind", was returned executed on October 9, 1985, and the return indicated that service had been effected by leaving the summons and petition at Blind's residence "with Scott Blind, age 18, son of James P. Blind." [1] A notation on the return indicates that Blind was served "[a]s Registered Agent for Pacific Aggregates Inc. and as Liquidating Trustee, under liquidating Trust Dated Oct. 3rd 1984." Plaintiff states in its reply brief that this notation was added to the return at the direction of the court and did not appear on the return as originally made by the special process server. No affidavit accompanied the return.

On November 26, 1985, after defendants failed to enter an appearance, "default and inquiry" was granted and a hearing date

Joseph Howlett, Clayton, for plaintiff-appellant.

Edward K. Fehlig, Lon Hocker, Clayton, for defendants-respondents.

REINHARD, Judge.

Plaintiff appeals from an order granting defendants' motion to quash service and set aside a default judgment. We affirm.

According to the petition, plaintiff and defendant Pacific Aggregates, Inc. (Pacific) own adjoining parcels of land in St. Louis County near the Meramec River. Pacific began surface mining gravel on its land in 1981. On August 2, 1985, plaintiff filed a three count petition against Pacific and

1. We note that service on a family member of a corporation's registered agent at the agent's residence is not sufficient to give the court jurisdiction over the corporation. *Kirlin v. Daclo, Inc.,* 719 S.W.2d 516 (Mo.App.1986). However, we need not rest our resolution of this case on that procedural defect.

was set. On January 23, 1986, the cause was called and plaintiff adduced its evidence. The court found in favor of plaintiff on Count I and entered judgment in the amount of $1,500,000 against defendants; however, it found in favor of defendants on Counts II and III.

Plaintiff began procedures to execute on its judgment and, on June 25, 1986, a writ of execution was returned partially satisfied after defendants' real estate was sold for $50,000 at a sheriff's sale. On June 26, 1986, defendants filed a motion to quash service of process, set aside default judgment, and set aside execution and sheriff's sale, citing several procedural irregularities, including the failure of the special process server to file an affidavit as required by Rule 54.20(a)(2). The court granted defendants' motion, and this appeal followed.

The issue presented to us on appeal is' whether the irregularities alleged by defendants were sufficient to allow the judgment to be set aside under Rule 74.32. Because we believe the absence of an affidavit accompanying the return was an irregularity affording defendants a remedy under Rule 74.32, we need not examine the other grounds urged by defendants in support of the order setting aside the judgment.

■ Rule 74.32 provides that: "Judgments in any court of record shall not be set aside for irregularity, on motion, unless such motion be made within three years after the rendition thereof." In *Barney v. Suggs,* 688 S.W.2d 356 (Mo. banc 1985), the supreme court noted that Rule 74.32 recognized a common law remedy and added a time limitation. *Id.* at 358. In describing the type of irregularity encompassed by the rule, the court stated:

Rule 74.32 only reaches procedural errors that if known would have prevented the entry of the judgment; irregularities are not ordinary judicial errors in a judgment that are reached through proper procedures and the motion does not allow review of judicial judgment.

An irregularity may be defined to be the want of adherence to some procedural rule or mode of proceeding; and it consists either in omitting to do something that is necessary for the due and orderly conduct of a suit, or doing it in an unseasonable time, or improper manner.

*Id.* at 359 (citations omitted). Furthermore, the irregularity must be patent on the record and must not depend on proof beyond the record. *Id.*

The instant case is similar to *See v. Nesler,* 692 S.W.2d 7 (Mo.App.1985), in which we reversed an order denying defendant's motion to quash service of process and set aside a default judgment. In *Nesler,* as here, a special process server was appointed by the court at plaintiff's request, and no sworn affidavit accompanied the process server's return. We stated:

Rule 54.20(a)(2) requires that if service of process is made by a person other than an officer, such person shall make an affidavit as to the time, place and manner of the service. *Absent such proof in accordance with the rule, the trial court acquired no personal jurisdiction and was without power to determine the rights and liabilities of the defendant. Accordingly, the default judgment entered against defendant is null and void.*

*Id.* at 8 (citations omitted) (emphasis ours).

■ It is obvious that the irregularity asserted in *Nesler* and in the case at bar is one encompassed by Rule 74.32 and *Suggs.* The absence of the affidavit deprived the court of jurisdiction and, therefore, constituted a procedural error "that if known would have prevented the entry of the judgment." *Suggs,* 688 S.W.2d at 359. Furthermore, "a return must show on its face that every requisite of [Rule 54.-20(a)(2)] has been complied with and may not be aided by intendments or presumptions." *Nesler,* 692 S.W.2d at 8. Thus, the absence of an affidavit was an irregularity patent on the face of the record.

■ Plaintiff's reliance on Rule 74.30, which is titled "Imperfections for Which Judgments Will Not Be Reversed or Affected", is misplaced. Although plaintiff's bare recitation of that rule without accom-

panying citations of cases provides little guidance, it is obvious from *Nesler* and Rule 54.20(a)(2) that a special process server is not an "officer" within the meaning of Rule 74.30(3). Furthermore, the failure to file an affidavit was a defect in the return, not the process itself, thus 74.30(2) would not seem to apply. In any case, plaintiff's argument that Rule 74.30 prevents a court from setting aside a default judgment on the basis of a special process server's failure to comply with Rule 54.-20(a)(2) is directly contrary to *Nesler*, in which we ordered the trial court to take that very action. Plaintiff's point is without merit.

Plaintiff's additional assertion that the court lacked jurisdiction to entertain defendants' motion, an argument it appears to have abandoned in its reply brief, is easily answered by reference to *Diekmann v. Associates Discount Corporation,* 410 S.W.2d 695 (Mo.App.1966).[2]

SMITH, P.J., and DOWD, J., concur.

---

**2.** Defendants' motion to strike plaintiff's reply brief and its motion to impose sanctions for    frivolous appeal are denied.