Timothy CHRISTIANSON, Respondent,

v.

Ron GOUCHER d/b/a Goucher Trucking, Appellant.

No. WD 75791.

Missouri Court of Appeals, Western District.

Oct. 1, 2013.

Motion for Rehearing and/or Transfer to the Supreme Court Denied Oct. 29, 2013.

Application for Transfer Denied Dec. 24, 2013.

Tom Hershewe, Kansas City, for Respondent.

Theresa S. Hall, Kansas City, for Appellant.

Before Division I: VICTOR C. HOWARD, Presiding Judge, JOSEPH M. ELLIS, Judge and ANTHONY REX GABBERT, Judge.

VICTOR C. HOWARD, Judge.

Ron Goucher d/b/a Goucher Trucking appeals from the judgment of the trial

court denying his Rule 74.06 motion to quash service and/or set aside a default judgment entered in favor of Timothy Christianson. He claims that the default judgment was void for lack of personal jurisdiction and for violating his procedural and/or substantive due process rights. The judgment is affirmed.

## Background

On May 3, 2010, Christianson filed suit against Goucher and Thomas Borden seeking damages for personal injuries sustained in an automobile accident involving several vehicles. The petition asserted a claim for negligence against Borden, who was driving a 1994 dump truck owned by Goucher, and claims for respondeat superior, negligent hiring, and negligent supervision against Goucher.

Christianson hired a private process server, Brent Burmeister, to serve Goucher and Borden. Christianson filed a motion for appointment of special process server on the same day that he filed his petition. The circuit clerk issued the summons three days later on May 6. Burmeister filed the server's return on July 23, 2010. On the return, he indicated that he served Goucher on May 10, 2010, at 10:00 a.m. at 5019 S. Emery, Kansas City, Missouri, Jackson County. The return was not notarized and did not include an affidavit of the process server.

Goucher never appeared in the case, and on April 1, 2011, the trial court held a default hearing. Christianson testified at the hearing and introduced several medical records and bills and the police report from the accident. Following the hearing, Christianson voluntarily dismissed his claim against Borden, and the trial court entered a default judgment against Goucher in the amount of $745,000 plus post-judgment interest.

On August 16, 2012, Goucher filed a motion to quash service and/or set aside the default judgment pursuant to Rule 74.06. He argued that the default judgment was void for lack of personal jurisdiction due to deficient proof of service. Specifically, he asserted that the private process server failed to make the required affidavit under Rule 54.20(a)(2). He also argued the default judgment was void for violating due process because it awarded excessive damages, he did not receive notice of the amount of damages claimed, and he did not receive timely notice that a default judgment had been entered against him.

On September 10, 2012, Christianson filed a response to Goucher's motion to set aside and a motion to amend the return to cure the defect in it pursuant to Rule 54.22. He attached to the motion to amend the process server's affidavit of service in which Burmeister stated that he delivered to Goucher copies of the summons and the petition on May 10, 2010, at 10:00 a.m. at 5019 S. Emery, Kansas City, MO in Jackson County. He also attached the June 2, 2011 affidavit of Goucher in which Goucher conceded that he was served with a copy of the lawsuit on May 10, 2010, at 10:00 am. at 5019 S. Emery, Kansas City, Missouri, as indicated on the server's original return.

On September 28, 2012, the trial court entered an order directing Christianson to file his amended return of service within fourteen days. On October 10, 2012, Christianson filed a notarized amended return of service that included the special process servicer's affidavit of service. On October 22, 2012, the trial court entered its amended order and judgment denying Goucher's motion to quash service and/or set aside the default judgment. This appeal by Goucher followed.

## Standard of Review

Generally, the trial court's ruling on a motion to set aside a judgment under Rule 74.06 is reviewed for abuse of discretion. *Sieg v. Int'l Envtl. Mgmt., Inc.*, 375 S.W.3d 145, 149 (Mo.App. W.D.2012). However, whether a judgment should be vacated because it is void is a question of law that is reviewed *de novo*. *Id.*

## Point One

In his first point on appeal, Goucher contends that the trial court erred in allowing Christianson to correct the deficiencies in the process server's original return and then denying his motion to set aside the default judgment under Rule 74.06. He asserts that the default judgment was void for lack of personal jurisdiction. Specifically, he argues that Christianson's failure to comply with the return of service requirements in Rule 54.20 deprived the court of jurisdiction to issue any rulings in this case.

Rule 74.06(b)(4) provides that a "court may relieve a party or his legal representative from a final judgment or order ... [if] the judgment is void." "Courts favor finality of judgments, so the concept of a void judgment is narrowly restricted." *Sieg*, 375 S.W.3d at 149. A judgment is void under Rule 74.06(b)(4) only if the trial court that rendered it lacked subject matter jurisdiction, lacked personal jurisdiction, or entered it in a manner that violated due process. *Id.*

Personal jurisdiction refers to the power of a court to require a person to respond to a legal proceeding that may affect the person's rights or interests. *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 253 (Mo. banc 2009). Such power flows from the court's conformity with due process. *Kerth v. Polestar Entm't*, 325 S.W.3d 373, 389 (Mo.App.

E.D.2010)(citing *J.C.W. ex rel. Webb*, 275 S.W.3d at 253). "The existence of personal jurisdiction depends upon the presence of reasonable notice to the defendant that an action has been brought and a sufficient connection between the defendant and the forum as to make it fair to require defense of the action in the forum." *State ex rel. Sperandio v. Clymer*, 581 S.W.2d 377, 381 (Mo. banc 1979).

Service of process is the fulfillment of the due process requirement of notice. *Silinzy v. Williams*, 247 S.W.3d 595, 599 (Mo.App. E.D.2008). "Only by service of process authorized by statute or rule (or by appearance) can a court obtain jurisdiction to adjudicate the rights of a defendant." *Worley v. Worley*, 19 S.W.3d 127, 129 (Mo. banc 2000). "[T]he underlying principle of a summons is to place a defendant on notice of an action filed against the defendant to enable the defendant to appear and defend against the action." *Hometown Lumber & Hardware, Inc. v. Koelling*, 816 S.W.2d 914, 916 (Mo. banc 1991).

Goucher argues that the process server's original return failed to comply with the return of service requirements of Rule 54.20(a)(2); therefore, the trial court lacked personal jurisdiction to issue any rulings in this case. Rule 54.20(a)(2) provides that if service of process "is made by a person other than an officer such person shall make affidavit as to the time, place and manner of service thereof." While the process server indicated on the original return that he served Goucher on May 10, 2010 at 10:00 a.m. at 5019 S. Emery, Kansas City, Missouri, Jackson County, the return was not notarized and did not include an affidavit of the process server. Goucher relies on three cases, *T.W.I. Investments, Inc. v. Pacific Aggregates, Inc.*, 726 S.W.2d 807 (Mo.App. E.D.1987); *See v. Nesler*, 692 S.W.2d 7 (Mo.App. E.D.1985);

and *Industrial Personnel Corp. v. Corcoran*, 643 S.W.2d 816 (Mo.App. E.D.1981), to support his argument that the defective original return in this case deprived the trial court of personal jurisdiction. In *T.W.I. Investments* and *Nesler*, the Eastern District held that the absence of an affidavit in the return as required by Rule 54.20(a)(2) deprives a court of personal jurisdiction. 726 S.W.2d at 809–10, 692 S.W.2d at 8. In *Industrial Personnel Corp.*, it held that in the absence of certification as to the authority to serve process required by Rule 54.20(b)(1), the service was manifestly deficient and did not confer personal jurisdiction. 643 S.W.2d at 818.

The cases relied on by Goucher, however, cite or trace back to dicta in *In re Marriage of Bradford*, 557 S.W.2d 720 (Mo.App.1977). After discussing the return of service and its failure to comply with Rule 54.20(b)(1), the Springfield District held that "the defense of lack of personal jurisdiction was not presented nor mentioned, and ... must be considered waived." *Id.* at 729. Nevertheless, the court stated, "because the return was deficient, the service of process was not effective to confer personal jurisdiction." *Id.* Significantly, this dicta was unsupported by any authority.

▉▉▉ Moreover, none of the cases relied on by Goucher discuss the effect of amendment of a defective return of service to comport with the facts of service or the Missouri Supreme Court cases that hold that service, not the return, establishes jurisdiction. Rule 54.22(a) provides, "The court may in its discretion allow any process, return or proof of service thereof to be filed or amended at any time unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued." *See also* § 506.190, RSMo 2000. Under the rule, the return of service is

"considered prima facie evidence of personal service upon a party." *State ex rel. Dep't of Soc. Servs., Div. of Child Support Enforcement v. Stone*, 71 S.W.3d 643, 646 (Mo.App. W.D.2002). "[A] return may be amended to conform to the facts." *Eagle Star Group, Inc. v. Marcus*, 334 S.W.3d 548, 555 (Mo.App. W.D.2010). The time when a return can be amended is not limited to before the judgment is entered; rather, it may be amended after judgment. *In re Marriage of Benz*, 669 S.W.2d 274, 278 (Mo.App. E.D.1984). "When a return of service is amended, it relates back to the date of the return and is binding in its amended form." *Id.*

In *Kahn v. Mercantile Town Mutual Insurance Company*, 228 Mo. 585, 128 S.W. 995 (1910), the Missouri Supreme Court recognized that service of process, not the return, gives the trial court jurisdiction. *Id.* at 997. In discussing that the defendant was not entitled to notice of the making of an amended return of service of a writ and petition to correspond with the facts of service, the Court explained:

This court at an early date held that the courts of this state will permit amendments to be made to the return of a writ to correspond with the facts of the case; and, if the amendment be made even at a subsequent term, the return will relate back to the proper return day....[In this case], [i]t was the service of the writ and petition upon the defendant, and not the return, that gave the trial court jurisdiction over the person of the defendant. The return was merely the evidence by which the court was informed that the defendant had been served. The original return was a false return, and would not have justified the court in finding therefrom that the defendant had been properly served; but, by the amended return, which in no manner or form changed actual service had upon

the defendant, but bespoke the truth thereof, and correctly informed the court that the defendant was in fact properly served.

*Id.* Similarly, in *Hirst v. Cramer,* 195 S.W.2d 738 (Mo. banc 1946), the Missouri Supreme Court held that service of process, and not a defect in the summons or other process, impacts the court's jurisdiction over a person:

> Where there is no service whatever, the court acquires no jurisdiction, and its judgment is void, but where the service is simply defective or irregular, the judgment rendered is not void, but only subject to being set aside by the Court which gave it, upon proper and reasonable application, or else reversed on appeal. A defect in the form or matter of a summons or other process not absolutely destructive of its validity, or an irregularity or defect in the service of it upon defendant, although material and sufficient to cause the reversal of the judgment on a proper application, does not deprive the court of jurisdiction, and therefore does not expose the judgment to collateral impeachment. But where the defect in the process is so radical that it amounts to no process at all as where it wholly fails to give the party the information it is expected to convey, or where the attempted service is so faulty that it does not reach defendant at all, there is a want of jurisdiction, and the judgment will be impeachable collaterally.

*Id.* at 739 (internal quotes and citations omitted). *See also Hometown Lumber & Hardware, Inc. v. Koelling,* 816 S.W.2d 914, 916 (Mo. banc 1991)("It is part of our law that a defect in the form of a summons does not render the summons fatal nor deprive a court of jurisdiction."); *Jones v. Jones,* 712 S.W.2d 465, 466 (Mo.App. E.D. 1986)(even if sheriff's return that did not give address where service occurred was defective, alleged defect in the form of the summons did not reach the level where it failed to give party information it was expected to convey or where it did not reach defendant at all; therefore, service was not invalid).

In *Eagle Star Group, Inc. v. Marcus,* 334 S.W.3d 548 (Mo.App. W.D.2010), this court recently upheld the trial court's conclusion that a defective return of service could have been amended under Rule 54.22(a) to reflect the uncontroverted fact that service was had on a corporate officer. *Id.* at 555. We agreed with the trial court's reasoning that there was never a defect in service in the case, but, at most, a defect in the return of service; that the two are distinct; and that the purpose of Rule 54.22 is to allow the correction of the memorialization of service. *Id.*

In this case, as in *Eagle Star Group,* the record reveals that there was never a defect in service, but, at most, a defect in the original return of service. Indeed, Goucher conceded in his affidavit that he was served with a copy of the lawsuit on May 10, 2010, at 10:00 a.m. at 5019 S. Emery, Kansas City, Missouri, as indicated on the server's original return. Pursuant to Rule 54.22, Christianson moved to amend the defective return to include the required affidavit of the special process server, and the trial court granted his motion. Goucher does not argue that the trial court abused its discretion to allow amendment of the return or that the amendment of the return materially prejudiced him. The amended return related back to the date of the original return and was binding in its amended form. It in no way changed actual service had upon Goucher but only correctly informed the trial court that Goucher was in fact properly served. To hold in this case that the original deficient return deprived the trial

court of personal jurisdiction would be directly contrary to Rule 54.22, would frustrate its purpose to allow correction of a return to reflect proper service, and would ignore the Missouri Supreme Court cases of *Kahn* and *Hirst*. The trial court did not err in denying Goucher's motion to set aside the default judgment under Rule 74.06 based on lack of personal jurisdiction. The point is denied.

## Point Two

In his second point on appeal, Goucher claims that the trial court erred in denying his motion to set aside the default judgment because the default judgment was void for violating his procedural and/or substantive due process rights in several ways.

■ First, Goucher claims that the trial court lacked authority to enter the default judgment against him because Christianson's petition failed to state a legally cognizable cause of action for several reasons. Specifically, he asserts that Christianson violated Missouri law by pleading both direct claims of negligent hiring and negligent supervision against him and vicarious claims (respondeat superior) against him as Borden's employer. He further asserts that Christianson failed to admit evidence at the default hearing to support either direct claim or of Borden's negligence to support the respondeat superior claim.

This court recently rejected similar arguments in *A.D.D. v. PLE Enterprises, Inc.*, 412 S.W.3d 270 (Mo.App. W.D.2013). In *A.D.D.*, this court reversed the trial court's judgment setting aside a default judgment as void under Rule 74.06(b)(4) because the petition failed to state claims upon which relief may be granted. *Id.* at 277–78. It first recognized that prior to *J.C.W. ex rel. Webb*, 275 S.W.3d 249, a defaulting party could assert that a peti-

tion that failed to state a claim raised an issue of subject matter jurisdiction. *Id.* at 275–77. "In *J.C.W. ex rel. Webb*, however, the Missouri Supreme Court clearly delineated the boundaries of subject matter jurisdiction and strongly admonished against the overly broad use of the term subject matter jurisdiction." *Id.* (internal quotes and citation omitted). "Thus, after *J.C.W. ex rel. Webb*, moving to set aside a default judgment for failure to state a claim does not raise an issue of the circuit court's subject matter jurisdiction." *Id.* This court also noted that there was no dispute that the trial court had personal jurisdiction in the case because the defendant did not contest that its agent was served with copies of the summons and petition. *Id.* at 275. Finally, the court addressed the defendant's claim that the default judgment was void because the plaintiff failed to state a cause of action resulting in a denial of procedural due process. *Id.* at 275–76. Noting that a judgment is not void merely because it is erroneous, this court held that where the defendant was served with notice of the petition and failed to answer or appear at the hearing, its constitutional rights of due process were not violated even if the pleadings were deficient. *Id.* at 276. As in *A.D.D.*, Goucher was served with notice of the petition and failed to answer or appear. Even if the pleadings were deficient, which need not be decided, his constitutional rights of due process were not violated.

■ Next, Goucher contends that the default judgment violated his due process rights by awarding damages far in excess of what was supported by the evidence, namely, Christianson's medical expenses of only $43,000. Goucher's contention is, however, without merit. He ignores evidence of non-economic damages that was introduced at the default hearing. Specifically, Christianson presented evidence that, as a result of the accident, he suf-

fered substantial and permanent injuries to his neck, back, and shoulders, which included herniated disks in his neck, nerve damage in his neck, T spine compression fractures in his back, and rotator cuff tears in both of his shoulders. These injuries required pain management epidurals, surgeries, and intense physical therapy over a four-year period and caused substantial pain and suffering. Christianson, who was fifty-seven years old at the time of the hearing, testified that he continues to experience pain in his neck and shoulder on a daily basis and a restriction of his range of motion in his shoulder and fears that these symptoms will only get worse as he ages.

Finally, Goucher claims that the default judgment violated his due process rights because he did not receive notice of the amount of damages claimed and he did not receive timely notice that a default judgment had been entered against him. Goucher fails to cite any authority to support these arguments. He concedes that the Missouri Supreme Court has held that a defaulting party is not entitled to notice of a hearing to assess damages even where a claim is unliquidated and the plaintiff has pleaded only for "fair and reasonable" damages. *See Barney v. Suggs*, 688 S.W.2d 356, 359–60 (Mo. banc 1985). He also concedes that Rule 74.03 provides that notice of entry of a judgment shall be given by the clerk to each party "who is not in default for failure to appear." He requests, however, that this court revisit the rule in *Barney* and argues that notions of fundamental fairness and due process dictate that a defaulting defendant be given timely notice of a default judgment so that a plaintiff can not "lay in wait until after the time to challenge a default judgment under Rule 74.05 has passed, as was done here." This court, however, is not free to deviate from Missouri Supreme Court precedent or rules. "Missouri's Constitution expressly states that the Missouri Supreme Court shall be the highest court in the state' and that its 'decisions shall be controlling in all other courts.'" *Doe v. Roman Catholic Diocese of St. Louis*, 311 S.W.3d 818, 822 (Mo.App. E.D.2010)(quoting Mo. Const. art. V, section 2). As such, this court is "constitutionally bound to follow the most recent controlling decision of the Missouri Supreme Court." *Id.* (internal quotes and citation omitted). Similarly, "[t]he Missouri Constitution empowers the Missouri Supreme Court to 'establish rules relating to practice, procedure and pleadings for all courts ... which shall have the force and effect of law.'" *Jackson Co. v. McClain Enters., Inc.*, 190 S.W.3d 633, 638 (Mo. App. W.D.2006)(quoting Mo. Const. art. V, section 5).

The trial court did not err in denying Goucher's motion to set aside the default judgment based on a violation of due process. The point is denied.

The judgment is affirmed.

All concur.