**PONCA FINANCE CO., INC., Appellant,**

v.

**Tim ESSER, Respondent.**

**No. WD 63150.**

Missouri Court of Appeals, Western District.

May 11, 2004.

the circuit court misapplied the law. We reverse.

Mr. Esser negotiated a short-term $500 loan with Ponca. The loan agreement provided for an annual interest rate of 125.96%. His payment schedule required nine payments of $85.61 and one payment of $85.68, for a total of $856.17, paid in monthly installments. Mr. Esser made no payments on this loan; Ponca filed suit to collect on the loan. At the time this suit was filed, Mr. Esser owed the full $500 in principal, plus $214.80 in interest and thirty dollars in late fees.

At the trial, Mr. Esser did not appear and a default judgment was entered against him. The circuit court awarded Ponca $744.90 for principal and accrued interest and $110 for attorney fees. It further ordered that the judgment bear interest at the statutory rate of nine percent from the date of the judgment. The circuit court stated that it was "not so much bothered by the [interest] rate" as it was by the fact that "we have a $500 loan with $856 due back, a loan that is secured with a 1995 Chevy S10 pickup and we are now seeking $1,161.98, and that simply offends the sensibilities of the court."

Gary William Smith, Sedalia, MO, for Appellant.

Tim Esser, Warsaw, MO, pro se.

Before: JOSEPH M. ELLIS, C.J., PATRICIA A. BRECKENRIDGE and THOMAS H. NEWTON, JJ.

THOMAS H. NEWTON, Judge.

Ponca Finance Company (Ponca) obtained a default judgment against Mr. Tim Esser on a loan. Although the loan agreement specified an annual interest rate of 125.96%, the circuit court ordered that the judgment bear interest only at the statutory rate of nine percent. Because section 408.100[1] clearly states that parties may contract for any agreed-to interest rate,

Ponca appeals the finding that the interest rate should be at the statutory rate of nine percent. It claims that the circuit court erred in refusing to grant the judgment on the interest rate agreed to by the parties.

When we review a court-tried civil case, the standard set out in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), controls. *Manfield v. Auditorium Bar & Grill, Inc.*, 965 S.W.2d 262, 266 (Mo.App. W.D.1998). We will reverse the circuit court's judgment only if there is no substantial evidence to support it, it is against

---

**1.** Unless otherwise indicated, all statutory references are to RSMo.2000.

the weight of the evidence, or it erroneously declares or applies the law. *Id.*

Although we appreciate the circuit court's effort to reach a fair result in this case, the circuit court misapplied the law when it ordered a different interest rate from the one negotiated by the parties.

Ponca is licensed under section 408.510, RSMo Cum.Supp.2002, as a consumer installment lender. Therefore, Ponca may contract for and receive interest under sections 408.100, 408.140, and 408.170. § 408.510, RSMo Cum.Supp.2002. Section 408.100 states that "[o]n any loan subject to this section, ... [the parties] may charge, contract for and receive interest on the unpaid principal balance at rates agreed to by the parties." When interpreting statutes, we must give the words their plain and ordinary meaning. *Ozark Wholesale Beverage Co. v. Supervisor of Liquor Control*, 80 S.W.3d 491, 497 (Mo. App. W.D.2002). Where the language is clear and unambiguous, we do not construe the statute; we apply it based on its clear language. *See Dorsey v. State*, 115 S.W.3d 842, 844 (Mo. banc 2003). Section 408.100 very clearly states that the parties can agree to any interest rate, with no limit.[2] The circuit court was without authority to read a contrary intent into that statute and lower the rate to nine percent. *Ozark*, 80 S.W.3d at 497.

The circuit court applied the statutory rate of nine percent pursuant to section 408.020. But that section does not apply to this case. It clearly states that "[c]reditors shall be allowed to receive interest at the rate of nine percent per annum, *when no other rate is agreed upon ....*"

§ 408.020 (emphasis added). Here, the parties had agreed upon a rate, so section 408.020 does not apply and the parties are bound by their agreement. *Manfield*, 965 S.W.2d at 269–70.

Ponca and Mr. Esser had a written and signed agreement, which provided for an interest rate of 125.96%. We must interpret a contract to give effect to the intention of the parties. *J.R. Waymire Co. v. Antares Corp.*, 975 S.W.2d 243, 246 (Mo. App. W.D.1998). The parties intended to have an interest rate of 125.96%. Section 408.100 does not preclude this interest rate. By enacting sections 408.510 and 408.100, the legislature has decided not to put a limit on interest rates for small loans. Where the statute has no exception to this limitless interest, the court cannot insert one. *See Betts–Lucas v. Hartmann*, 87 S.W.3d 310, 321 (Mo.App. W.D.2002). If the legislature believes that this rate is excessive, then the legislature can change the law.

We reverse and remand for the circuit court to modify its judgment in accordance with this opinion and compute the amount owed based on an interest rate of 125.96%.

JOSEPH M. ELLIS, Chief Judge, and PATRICIA A. BRECKENRIDGE, Judge, concurs.

---

**2.** A letter in evidence from the Senior Counsel with the Department of Economic Development, Division of Finance supports this interpretation of the statute. The letter states that Ponca is licensed under section 408.510 and is permitted to make loans pursuant to sections 408.100 to 408.210. It goes on to say that "[t]he rate provision of that law [section 408.510] is found in Section 408.100 and permits the rate to be whatever the parties agreed i.e. it is not limited by the law."