*21 Kurt S. Odenwald, Presiding Judge

Introduction

Appellant Erica Hollins (“Hollins”) appeals from the judgment of the trial court granting summary judgment in favor of Respondent Capital Solutions Investments I, Inc. (“CSI”) and dismissing Hollins’s First Amended Petition in. its entirety. Hollins’s First Amended Petition sought to set aside a default judgment obtained by CSI in a collections action brought against Hollins. On appeal, Hollins asserts that the trial court erred in granting CSI’s motion for summary judgment because: (1) the trial court that entered the default judgment in the collections action lacked subject matter jurisdiction and therefore the judgment should be set aside under Rule 74.06(b)(4); and (2) it is no longer equitable for the judgment to remain in force because it is an illegal judgment requiring court supervision and therefore the judgment should be set aside under Rule 74.06(b)(5).[1] ■ ■
Because the trial court had subject matter jurisdiction over the collections lawsuit filed by CSI, the judgment entered by trial court was valid and not subject to being set aside as a void judgment under Rule 74.06(b)(4). Furthermore, the facts in the record do not warrant the application of Rule 74.06(b)(5) because enforcement of the default judgment is not inequitable. Finding no error, we affirm the judgment of the trial court.

Factual and Procedural Background

In December 2006, Hollins obtained a consumer installment loan from Loan Express in the amount of $100 and at an annual interest rate of 199.71%. Loan Express is a fictitious name registered by CSI for its business. Hollins signed a promissory note promising to repay Loan Express a total of $155, which was to be paid-in five monthly installments of $31 each beginning on January 21, 2007. Hol-lins paid the first monthly installment on January 21, 2007, but made no further payments. At the time of default, Hollins owed $124 to CSI, $69' of which was principal.
Between February 21, 2006, .and. May 21, 2007, CSI attempted to contact Hollins approximately fifty times and sent six letters to Hollins inquiring about the status of her payment on the installment loan. When Hollins continued to fail to pay on the loan, CSI filed a collections lawsuit (the “collections action”) against Hollins in the Associate Circuit Division of the Circuit Court of St. Louis County on June 30, 2009. Hollins did not answer or otherwise respond to the lawsuit. On August 11, 2009⅜ the trial court entered a default judgment in favor of CSI and against Hol-lins for $912.50 at the interest rate of Í99.71% (“the 2009 default judgment”). Of that judgment, . $729.90 was, interest. While that interest rate appears, obscene and usurious, as noted in the concurring opinion filed by Judge Dowd, this high rate of interest is permitted under the current statutory scheme enacted by the legislature. In April 2010, CSI began garnishing Hollins’s wages to satisfy the judgment.
On October 20, 2011, more than two years after the entry of default judgment, Hollins filed suit against CSI in the Circuit Court of St..Louis County. Hollins subsequently filed an amended petition (“the First Amended Petition”) alleging- three counts against CSI. Count I alleged violations of the Missouri Merchandising Practices Act (“MMPA”), Section 407.101; Count II alleged a violation of Section 408.553; and Count III sought relief from *22 the 2009 default .judgment under Rule 74.06(b). ., The common factual, underpinning of each count was Hollins’s averment that CSI was required to state how interest was calculated in its 2009 collections action petition but failed to do so. . Had CSI included such information in the collections action petition, the trial court would have realized that CSI violated Section 408.553 by allowing interest to accrue between the time of default on th¿ loan and the entry of the default judgment against Hollins. Because CSI did not include the necessary interest calculation information in its petition, Hollins alleged that CSI failed to state a claim upon which relief could be granted. As a result, Hol-lins averred the trial court lacked subject matter jurisdiction over the collections action, and that the default judgment should have been set aside' as a void judgment under Section 74.06(b)(4). In addition, Hollins argued that because the default judgment allows recovery of an illegal judgment due to the excessive interest rate, the judgment was “no longer equitable” and should not be enforced under Section 74.06(b)(5).
Hollins voluntarily dismissed Count I of the First Amended Petition on January 2, 2013. Approximately one week later, Hol-lins filed a motion for class certification seeking "to certify a class defined as “all people who, in Missouri, received a consumer installment loan from [CSI], and prior to obtaining judgment, charged interest on the amount owed at the time of default.” The trial court granted the motion and certified the class.[2]
On March 24, 2014, CSI filed a motion for summary judgment seeking dismissal of Hollins’s First Amended Petition. In support of its motion, CSI argued that: (1) the claims raised by Hollins were compulsory counterclaims that must have been brought by Hollins in the original collections action; (2) Rule 74.06(b) cannot provide Hollins relief because the- trial court in the collections action had subject matter jurisdiction and twenty-six months was not a reasonable time within which to bring a claim; and (3) Rule 74.06(d) could not provide Hollins with the relief requested because Hollins made no allegation of extrinsic fraud.
The trial court agreed with CSI and entered summary judgment in its favor. In its Order and Judgment, the trial court found that the allegations in Hollins’s First Amended Petition were compulsory counterclaims that should have been brought by Hollins in the original collections action. The trial court then looked to Rule 74.06(b) and found that the 2009 default judgment could not be set aside under that rule because (1)- the trial court in the collections action had subject matter jurisdiction and thus the judgment was not void; and (2) Hollins waited too long—twenty-six months—to file her petition. Finally, the circuit court held that because Hollins did not allege extrinsic fraud, she was . not entitled to relief under Rule 74.06(d). For the same reasons the trial court dismissed Hollins’s case, the court dismissed the claims of all class members. This appeal follows.

Points oñ Appeal

Hollins raises two separate, though interrelated, points on appeal. Hollins first asserts that the trial court erred in granting CSI’s motion for summary judgment because the trial court that entered the 2009 default judgment lacked subject matter jurisdiction, and therefore the judgment should be set aside under Rule *23 74.06(b)(4). Specifically, Hollins argues that CSI failed to state a claim upon which relief could be granted and that such failure deprived the trial court of subject matter jurisdiction. In her second point, on appeal, Hollins contends that the. trial court erred in granting CSI’s. motion for summary judgment because equity precludes enforcement of the 2009 default judgment which should be set aside under Rule 74.06(b)(5).

Standard, of Review

Our review of the grant of a motion for summary judgment is essentially de novo. ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp., 854 S.W.2d 371, 376 (Mo. banc 1993); The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of initially sustaining the motion. Id. The propriety of summary judgment is purely an issue of law. Id. Because the trial court’s judgment is based upon the record submitted and the law, an appellate court need not defer to the trial court’s order granting summary judgment. Id.
To be entitled to summary judgment, the moving party must establish it is entitled to judgment as a matter of law and that there is no genuine dispute as to the material facts. Id. at 380. We will affirm the trial court’s grant of summary judgment if it could have been based on any ground raised in the motion and supported by the summary judgment record. Burian v. Country Ins. and Financial Services, 263 S.W.3d 785, 787 (Mo.App. E.D.2008).

Discussion

This appeal invokes Rulé 74.06 as a basis for overturning the trial court’s entry of the 2009 default-judgment. Hol-lins’s appeal focuses on the trial court’s refusal to set aside, the 2009 default judgment under Rule 74.06. Accordingly, we limit our review and analysis to determine if Rule 74.06 provides Hollins with any basis for setting aside the judgment.[3] “Rule 74.06 provides various grounds by which a court may set aside a final judgment after a court has ruled on the merits of the case.” Juenger v. Brookdale Farms, 871 S.W.2d 629, 631 (Mo.App.E.D.1994) (internal quotations omitted). Rule 74.06 provides, in relevánt part:
(b) Excusable Neglect—Fraud—Irregular, Void, or Satisfied Judgment. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is irregular; ■ (4) the judgment is void; or (5) the judgment has -been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force.
Rule 74.06(b).
I. Relief Under Rule 74.06(b)(4) •
In her first Point Relied On, Hollins invokes Rule 74.06(b)(4) which allows a *24 court to relieve a party from a judgment if the judgment is void. Specifically, Hollins contends that the 2009 default judgment is void, and that the trial court erred when it refused to set aside the default judgment and granted summary judgment in favor of CSI. Accordingly, we consider whether the 2009 default judgment is a void judgment.
“A judgment is ‘void’ under this rule only if the court that rendered it lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law.” Forsyth Fin. Grp., LLC v. Hayes, 351 S.W.3d 738, 740 (Mo.App.W.D.2011). A judgment is not void merely because it is erroneous. Id. We review de novo whether a judgment should be vacated because it is void. Morris v. Wallach, 440 S.W.3d 571, 575 (Mo.App.E.D.2014).
Hollins suggests the 2009 default judgment is void because the trial court lacked subject matter jurisdiction at the time it entered the default judgment. Specifically, Hollins claims that CSI’s petition in the collections action did not plead certain statutorily required elements and therefore failed to state a cause of action. By failing to state a claim upon which relief could be granted, Hollins posits that CSI “robbed the trial court of subject matter jurisdiction,” thereby rendering the 2009 default judgment void. We disagree.
While we agree that the 2009 default judgment would be a void judgment had the trial court lacked subject matter jurisdiction when it entered the judgment, Hollins’s argument is fatally flawed by her erroneous interpretation of subject matter jurisdiction. Subject matter jurisdiction is the court’s authority to render a judgment in a particular category of case. J.C.W. ex rel. Webb v. Wyciskalla, 275 S.W.3d 249, 253 (Mo. banc 2009). In Missouri, subject matter jurisdiction is governed directly by the Missouri Constitution. Id. Article V, Section 17 describes the subject matter jurisdiction of associate circuit judges and provides that “Associate circuit judges may hear and determine all cases, civil or criminal and all other matters as now provided by law for magistrate or probate judges and may be assigned such additional cases or classes of cases as may be provided by law.”
CSI filed a civil collections action against Hollins. The associate circuit judge had subject matter jurisdiction under Article V, Section 17 to hear cases of this general nature. We recognize that prior to Webb a defaulting party could assert that a petition failing to state a claim deprived a trial court of subject matter jurisdiction. See AMG Franchises, Inc. v. Crack Team USA, Inc., 289 S.W.3d 655, 659 (Mo.App.E.D.2009). However, this characterization of the issue was clarified by the Supreme Court in Webb. Webb, 275 S.W.3d at 253-54.
More recently, the Western District rejected strikingly similar arguments to those raised by Hollins in this appeal. In A.D.D. v. PLE Enterprises. Inc., the Western District noted the Supreme Court’s admonition against the overly broad use of the term subject matter jurisdiction. In holding that challenging a default judgment for failure to state a claim does not raise an issue of the trial court’s subject matter jurisdiction, the Western District rejected an attempt to seek relief from a default judgment by characterizing the judgment as void under Rule 74.06(b)(4). A.D.D. v. PLE Enterprises, Inc., 412 S.W.3d 270, 276-77 (Mo.App.W.D.2013); see also Christianson v. Goucher, 414 S.W.3d 584, 591 (Mo.App.W.D.2013)(noting its recent opinion in A.D.D. when rejecting the argument that the failure to state a claim raises an issue of subject matter jurisdiction). The *25 court explained that with Webb, “the Missouri Supreme Court clearly delineated the boundaries of subject matter jurisdiction and strongly admonished against the overly broad use of the term subject matter jurisdiction. Thus, after Webb, moving to set aside a judgment for failure to state a claim does not raise an issue of the circuit court’s subject matter jurisdiction.” Id, (internal quotations omitted). Hollins offers no other basis to support its contention that the trial court lacked subject matter jurisdiction to enter its judgment. Nor does the record before us suggest the absence of subject matter jurisdiction.
Hollins correctly notes that Section 408.556 specifically instructs a lender what it must plead in an action brought against a borrower arising from default. Hollins further argues that CSI did not properly plead its action against Hollins because it did not state in its petition how the amount owed to the lender was calculated. CSI disputes that its pleading was deficient. We need not evaluate the sufficiency of CSI’s petition because even assuming, ar-guendo, that it failed to meet the requirements of Section 408.556 and thus failed to state a cause of action, such failure does not deprive the trial court of subject matter jurisdiction. See id.
Hollins further suggests that the “heightened notice' requirement” incorporated into Section 408.556 distinguishes this case from an ordinary failure to state a claim issue and thereby introduces the issue of subject matter jurisdiction. We find this argument unavailing. First, Hollins’s authority for this argument, Ford Motor Credit v. Updegraff, 218 S.W.3d 617 (Mo.App.W.D.2007), predates the Supreme Court’s pronouncement on subject matter jurisdiction in Webb. Updegraff also predates numerous appellate cases applying Webb and clearly holding that a failure of a petition to properly state a cause of action does not deprive a trial court of subject matter jurisdiction. 'See, e.g., Christian-son, 414 S.W.3d at 591; A.D.D., 412 S.W.3d at 276. Second, we find no legal distinction in a party’s failure to plead a required element'of a statutory cause of ■action as opposed to a common law cause of action. We fail to see how that factual distinction somehow counters Webb and its progeny by transforming a deficient pleading into an inquiry of subject matter jurisdiction. Nor has Hollins offered any post-Webb judicial authority in support of its position. Were we to take Hollins’s argument to its logical conclusion, almost any defective pleading in a statutory cause of action would give rise to claim- that the trial court lacked subject matfer jurisdiction to enter a judgment on such pleading. We acknowledge the seemingly.- hopeless situation in which Hollins now finds herself as a result of the unlimited rates of interest allowed on small unsecured consumer loans. However, to provide her the remedy she seeks under Rule 74.06(b)(4) would require us to .abandon the principles of subject matter jurisdiction to which we must adhere. We will not controvert the law to provide Hollins the relief requested.
Because- the trial court did not lack subject' matter jurisdiction to enter the 2009 default judgment, the default judgment was not void under Rule 74.06(b)(4). Because the 2009 default judgment- was not void, Rule 74.06(b) provided the trial court with no legal basis to set it aside. The recéht clarification of the scope and breadth of subject matter jurisdiction by the Supreme Court compels our denial of Point One.
II. Relief Under Rule 74.06(b)(5)
In Point Two, Hollins contends that the 2009 default judgment may be set aside under Rule 74.06(b)(5). This subsection empowers the trial court to grant *26 relief from the effects of a final judgment on the ground that, “it is no longer equitable that the judgment remain in force.” As this Court has noted,
This component of [Rule 74.06(b)(5) ] is based on traditional equity practice which limits its application to judgments that have a. prospective effect, as contrasted to those -that offer a present remedy for a past wrong. It addresses the situation in which a subsequent circumstance makes enforcement of s.uch a judgment inequitable.,
Juenger, 871 S.W.2d at 631.
Again, while we are very sympathetic to Hollins’s circumstances, we find no authority allowing us to set aside the 2009 default judgment under’ Rule 74.06(b)(5). Like the trial court, we “do not cavalierly” reject ■ Hollins’s claims as She now faces obscenely high repayment obligations' from a $100 loan. • However, we cannot ignore the law that clearly limits application of Rule 74.06(b)(5) to situations where a subsequent circumstances makes enforcement of the judgment inequitable. Hollins does not allege the occurrence of any subsequent circumstance that precludes enforcement of the judgment on equitable grounds. Instead, Hollins directs this Court to the entry of the 2009 default judgment and asks that we set aside the judgment because it is “based on illegal calculations of interest.” Unfortunately, for Hollins, these allegations simply do not meet the requirements for. setting aside a judgment under Rule 74.05(b)(5).
Hollins argues that the interest award was outside of the statutory parameters given CSI’s collections action petition. However, even if Hollins had a meritorious defense to CSI’s claim at the time judgment was entered, an irregular or erroneous judgment is not subject to a subsequent collateral attack. J.L.M. v. R.L.C., Jr., 132 S.W.3d 279, 284 (Mo.App.W.D.2004). While the amount of the default judgment seems egregious and would likely shock the conscience of the average person, Hollins is not without fault for her precarious situation. To be sure, Hollins was not without • legal remedies to challenge the judgment sought and obtained by CSI. As the trial court noted, Hollins could have brought her current claims as counterclaims in the action brought by CSI. Moreover, Hollins could have filed a timely motion seeking to set aside the default' judgment. Had Hollins availed herself of those opportunities to challenge the amount of interest claimed by CSI under the agreement, she would have obtained a massive reduction in the amount of interest recoverable by CSI under Missouri law. Our resolution of Hollins’s second point on appeal is dictated solely by her failure to avail herself of such remedies.
Rule 74.05(d) provides the proper procedure for setting.aside a default judgment and requires that the party seeking to set aside the default judgment file a motion to set aside within one year of the entry of default judgment. A motion to set aside must state facts constituting a meritorious defense and good 'cause. Rule 74.05(d). Here, not only did Hollins wait two years to file her action, seeking to aside the 2009 default judgment, but her petition .did not allege facts constituting a meritorious defense and good cause, as required by Rule 74¡05(d). Point Two is denied.

Conclusion

Neither Rule 74.06(b)(4) nor Rule 74.06(b)(5) provides a legal means for setting aside the 2009 default judgment. Accordingly, the entry of summary judgment in favor of CSI was. not error and we affirm the judgment of the trial court.
*27 Robert G. Dowd, Jr., Concurs in separate opinion
Gary M. Gaertner, Jr.; Concurs in separate concurring opinion by Judge Robert G. Dowd, Jr.

. All rule references are to Mo. R. Civ. P. (2014).

. Because the record before us is limited to facts regarding Hollins, our opinion will refer to Hollins only and not the class as a whole.

. In her reply brief Hollins argues that the trial court erroneously applied the compulsory counterclaim rule when it granted summary judgment in favor of CSI. Hollins argues this erroneous application of the rule compels reversal and remand of the trial court’s judgment. Because Hollins does not raise this issue in either of her Points Relied On, we will not now address that issue. Rule 84.04(d); Rule 84.13. An assignment of error raised for the first time in a reply brief is not reviewed. 66, Inc. v. Crestwood Commons Redevelopment Corp., 130 S.W.3d 573, 584 (Mo.App.E.D.2003).